UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Defendant. | Civil Case No. 1:19-cv-02114-CJN |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff Human Rights Defense Center ("HRDC") argues that the dollar amounts contained in the settlement agreements to which Defendant Washington Metropolitan Area Transit Authority ("WMATA") has entered over the past 9 years must be disclosed because the agreements are between WMATA and non-WMATA, private parties. HRDC's argument disregards the key fact that the information that would be conveyed by the dollar amounts of nine years' worth of settlement agreements is WMATA's internal claim valuation methodology. That fact undermines HRDC's contention that the agreements must be disclosed unredacted. While the dollar amount of a single agreement is necessarily known to the party settling with WMATA, only WMATA knows all the dollar amounts of the agreements and the methodology that led to those amounts. HRDC does not meaningfully dispute, and therefore concedes, that disclosure of all of the amounts would place WMATA at a disadvantage in settlement negotiations going forward, with the likely result of fewer settlements contrary to the public interest in promoting settlement. For that reason, the settlement amounts would be protected in civil discovery. As protection in civil discovery is

the measure of whether WMATA's Public Access to Record Policy ("PARP") Exemption 6.1.5 applies, the settlement amounts at issue fall within that exemption and are properly withheld from disclosure in response to HRDC's PARP request.

## ARGUMENT

### 1. The Information at Issue is WMATA's Internal Claim Valuation Methodology

The information that WMATA seeks to protect is internal to WMATA. The Declaration of Director for Insurance and Third Party Liability in WMATA's Office of Risk Management, Leila Marcelin, explains that the dollar amounts contained in the settlement agreements at issue are the result of WMATA's application of its internal claim valuation methodology and that the amounts reflect that internal methodology. Decl. of L. Marcelin ¶¶ 4–5, ECF No. 34-2, Dec. 16, 2022; *accord* Def.'s Statement of Undisputed Material Facts ¶¶ 8–9, ECF No. 34-3.[1] HRDC does not dispute those facts and thus concedes them. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Levinthal v. Fed. Election Comm'n*, 219 F. Supp. 3d 1, 3 (D.D.C. 2016) (treating as conceded facts in defendant's statement of undisputed material facts that plaintiffs did not dispute).

HRDC asserts only that the facts about WMATA's claim valuation methodology are "not material." Pl.'s Statement of Genuine Issues in Resp. to Def.'s Statement of Material Facts Not in Dispute ¶¶ 8–9, ECF No. 35-1, Jan. 17, 2023. Those facts, however, show that the methodology

---

[1] Only the dollar amounts of the settlement agreements are at issue. WMATA is willing to provide the agreements with the dollar amounts redacted. Joint Status Report ¶ 7(b)–(c), ECF No. 31, Oct. 14, 2022. WMATA is also willing to provide the aggregate amount it paid to settle claims over the 9-year period identified by HRDC. HRDC has declined both offers.

reflected in the dollar amounts HRDC seeks "come from within WMATA[,]" contrary to HRDC's contention.  Pl.'s Opp'n to Def.'s Mot. for Summ. J. & Reply In Supp. of Its Mot. for Summ. J. ("Pl.'s Opp'n & Reply") 2, ECF No. 35.  Because the source of the claim valuation methodology is WMATA, the methodology satisfies the intra-agency or inter-agency requirement of Exemption 5.  *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (describing intra-agency or inter-agency condition of Exemption 5 as "[the record's] source must be a Government agency"); *Cause of Action Inst. v. U.S. Dep't of Com.*, 513 F. Supp. 3d 116, 123 (D.D.C. 2021) (same) (quoting *Klamath*, 532 U.S. at 8).

HRDC emphasizes that the settlement agreements are with parties external to WMATA.  However, while each settling party has access to their settlement amount, only WMATA has access to all of the settlement amounts.  *See* Decl. of J. Richmond ¶¶ 7–8, ECF No. 34-1.  Consequently, disclosing the settlement amounts would reveal an important component of the claim valuation methodology that is internal to WMATA.

Similar to the "mosaic theory" invoked in FOIA cases concerning national security information, the amount of an individual settlement agreement may not reveal much about how WMATA values different types of claims.  But when viewed together, the settlement amounts over nine years reveal significant information about the transit authority's internal claim valuation methodology.  *See CIA v. Sims*, 471 U.S. 159, 178 (1985) (recognizing that "bits and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself" and "what may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context") (internal quotation marks, citations, and alterations omitted).  As the D.C. Circuit recognized in *United States v. Maynard*, the "whole reveals more—sometimes a great deal

more—than does the sum of its parts." 615 F.3d 544, 558 (D.C. Cir. 2010) (recognizing that, although a person's individual movements may not reveal much about their private life, the whole of their movements monitored by GPS over a 28-day period would reveal a great deal), *aff'd sub nom. United States v. Jones*, 565 U.S. 400 (2012). While individual settlement amounts may not reveal much about WMATA's claim valuation methodology, the whole of the dollar amounts paid by WMATA to settle claims over nine years would reveal a great deal about the methodology that is internal to WMATA. *See* Marcelin Decl. ¶¶ 4–5; *accord* Def.'s Statement of Undisputed Material Facts ¶¶ 8–9.

### 2. The Settlement Amounts Would Be Protected in Civil Discovery

HRDC's only response to WMATA's explanation of why nine years' worth of WMATA settlement amounts would be protected in civil discovery is a footnoted observation that relevance is not a factor in determining whether information is protected under FOIA Exemption 5 and PARP Exemption 6.1.5. Pl.'s Opp'n & Reply 2 n.2. HRDC's observation is inapposite.

The standard for FOIA Exemption 5, and thus PARP Exemption 6.1.5,[2] is whether the information at issue is "routinely protected in discovery." *Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996). As explained in detail in WMATA's opening memorandum, ECF No. 34, confidential settlement agreements are typically protected in discovery through protective orders issued to promote the public interest in settlement. *Id.* at 5–7. HRDC does not dispute WMATA's explanation that the confidential settlement agreements at issue here would be protected in civil discovery through a protective order since disclosure of the dollar amounts would reveal an important component of WMATA's strategy for settling claims with the

---

[2] *See* PARP § 1 (providing for the PARP to be interpreted consistent with FOIA and federal practice).

4

result of fewer settlements and a heavier burden on the courts, future tort plaintiffs, and WMATA. *Id.* at 7–9. It therefore concedes those dispositive points. *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., Inc.*, 820 F. Supp. 2d 62, 71 (D.D.C. 2011) (a party's failure to respond to an argument concedes the issue) (citing *CSX Transp., Inc. v. Com. Union Ins.*, 82 F.3d 478, 482–83 (D.C. Cir. 1996), and *Maib v. FDIC*, 771 F. Supp. 2d 14, 20 (D.D.C. 2011)).[3]

Accepting HRDC's argument that information about WMATA's internal claims valuation methodology must be revealed because it is reflected in settlement agreements with private parties would make available through the PARP information that would be protected in civil discovery. The Supreme Court has made clear, however, that the FOIA is not to be construed as a vehicle for obtaining information that is normally protected in discovery. *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801 (1984) ("[R]espondents' contention that they can obtain through the FOIA material that is normally privileged would create an anomaly in that the FOIA could be used to supplement civil discovery. We have consistently rejected such a construction of the FOIA."); *see also Horsehead Indus., Inc. v. EPA*, 999 F. Supp. 59, 67–68 (D.D.C. 1998) (recognizing that the FOIA may not be used "to circumvent limitations placed on discovery") (citing *Weber*, 465 U.S. at 801–02). The PARP should be construed the same. *See* PARP § 1 (providing for the PARP to be interpreted consistent with the FOIA and federal practice). Because the dollar amounts in the WMATA settlement agreements at issue would be protected in civil discovery, they are properly withheld under PARP Exemption 6.1.5. *See id.*; *Burka*, 87 F.3d at 516.

---

[3] HRDC also does not dispute that its fee waiver claim is moot and therefore concedes that judgment in favor of WMATA should enter on that claim. *See Sabre Int'l Sec.*, 820 F. Supp. 2d at 71.

## CONCLUSION

For the foregoing reasons and those in WMATA's opening brief, WMATA's cross motion for summary judgment should be granted, and HRDC's motion for summary judgment should be denied.

Dated: February 3, 2023

Respectfully submitted,

*/s/* Caroline L. Wolverton
Anthony T. Pierce
D.C. Bar No. 415263
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
cwolverton@akingump.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*