## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMN RIGHTS DEFENSE CENTER, | |
| Plaintiff, | |
| v. | Civil Action No. 19-cv-2114 (CJN) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | |
| Defendant. | |

## PLAINTIFF'S FIRST[1] MOTION FOR ATTORNEYS' FEES AND COSTS

Under the Public Access to Records Policy (PARP) of the Washington Metropolitan Area Transit Authority (WMATA) and Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff Human Rights Defense Center (HRDC) requests that the Court enter an Order declaring WMATA liable for HRDC's reasonable attorneys' fees and costs.

### Introduction

HRDC, as part of its reporting into the law enforcement and civil rights violations sought records related to alleged violations committed by WMATA's Metro Transit Police

---

[1] HRDC reserves the right to move for additional fees following WMATA's production of documents pursuant to the Court's September 27, 2023 Order and at the conclusion of any appeals.

1

Department officers.  WMATA fought these disclosures every step of the way.[2] But WMATA wholly failed to block access to these records. This transparency victory warrants an award of attorneys' fees and costs to HRDC under the governing two-step analysis of a plaintiff's "eligibility" and "entitlement" to such an award. HRDC is eligible for a fee award because it has substantially prevailed, winning a judicial order for the release of public records it sought that WMATA unreasonably refused to provide. HRDC also is entitled to recover its fees and costs because, as a nonprofit charitable media organization receiving no commercial benefit for its litigation efforts, it will disseminate and report on the information contained in the public records the Court has ordered to be released. Further, HRDC's 98 hours of work by attorneys and paralegals and costs of filing and litigating this case are reasonable.

Accordingly, HRDC requests that this Court enter an order declaring that WMATA liable to the HRDC for $68,356.70 in attorneys' fees and $400 in litigation costs.

**Factual and Procedural Background**

Over four and a half years ago, HRDC submitted PARP request for the "verdict, settlement or judgment" and "underlying claims" in each case in which WMATA or its insurers paid $1,000 or more to resolve claims involving the Transit Police Department. Opinion [ECF 39] at 2. HRDC also requested a fee waiver. Compl. at 19.

WMATA denied both the fee waiver and the request. Compl. at 20. WMATA upheld its decision on administrative appeal. CITE.

In response to this litigation, WMATA first moved for dismissal or, in the alternative, summary judgment. [ECF 5]. WMATA argued that HRDC had failed to exhaust its

---

[2] As of the date of filing, WMATA has yet to comply with the Court's September 27, 2023 by producing the 17 settlements at issue.

administrative remedies when it refused to narrow its request and that the request was unduly burdensome. *Id*. WMATA also argued that HRDC's claim related to the failure to grant a fee waiver was moot. It also argued that the fee waiver request was somehow improper because HRDC failed to explain how it planned to turn the information into a news story and that the information was not in the public interest because HRDC, a nonprofit media organization, charges subscription fees for its publications. *Id*.

After a hearing on June 5, 2020, in which this Court shared its preliminary views with the Parties and WMATA agreed to review and produce responsive records, this Court ordered:

> In light of the representations and arguments made during today′s hearing on Defendant′s 5 Motion to Dismiss and Plaintiff′s 10 Motion for Discovery, it is hereby ORDERED that the Parties shall file a Joint Status Report by July 10, 2020. The Joint Status Report shall address (1) whether the Parties can agree to a rolling schedule of production for the requested records; (2) whether producing any particular subset of records is overly burdensome on Defendant; (3) the possibility of prioritizing the production of certain documents and whether Plaintiff′s request can be narrowed; (4) any reconsideration of Plaintiff′s request for a reduction or waiver of fees; (5) any areas of continued disagreements and how such disagreements may affect the pending Motions; and (6) whether the Parties require an extension of time to meet and confer about these issues

The Parties agreed to a rolling production, which took some time due to pandemic constraints and delay caused by a fire at WMATA headquarters. *See, e.g.,* Joint Status Report of July 10, 2020 [ECF 15] and Joint Status Report of August 8, 2022 [ECF 28].

By October 2022, the only issue outstanding was whether WMATA would release the settlement amounts in 17 cases. Joint Status Report of October 14, 2020 [ECF 31]. A second round of summary judgment briefing followed. On September 27, 2023, this Court ruled for

HRDC, holding that WMATA's arguments to withhold the settlement documents lacked merit.

HRDC Post now requests that the Court require WMATA to pay for its reasonable attorneys' fees and costs incurred in litigating this matter through summary judgment.

## Argument

### I.    HRDC Is Eligible for and Entitled to Fees and Costs.

Having achieved everything it sought—a full release of records which WMATA was determined to withhold—HRDC is entitled to its reasonable attorneys' fees and costs.

### A.  HRDC is Eligible to Recover Reasonable Attorneys' Fees And Costs.

PARP, as a parallel to FOIA, provides that the Court "may assess against Metro reasonable attorney fees and other litigation costs reasonably incurred in any case under [PARP] in which the complainant has substantially prevailed." PARP §9.3.3. To determine whether to issue such an award, the D.C. Circuit has established a two-step test, first assessing "eligibility" and then "entitlement" to fees. The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees. If so, the court proceeds to the entitlement prong and considers several factors to determine whether the plaintiff should receive fees. *See, e.g.,* B*rayton v. Off. of the U.S. Trade Representative,* 641 F.3d 521, 524 (D.C. Cir. 2011) ("The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff should receive fees.") (emphasis in original) (citation omitted). HRDC satisfies both prongs here, and the Court should accordingly find WMATA liable to HRDC for its reasonable attorneys' fees and costs.

The language of PARP itself shows that HRDC is eligible for a fee award here. Under PARP, a plaintiff is eligible for a fee award when it has "substantially prevailed" in its litigation. FOIA—which informs interpretation of PARP—defines "substantially prevailed" as obtaining some relief through "a judicial order, or an enforceable written agreement or consent decree," or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(i)-(ii). HRDC is eligible for both reasons.

A FOIA—and thus a PARP—plaintiff has substantially prevailed where a court order has changed the relationship between the parties and provided the plaintiff with at least "some relief" on its claims. *Campaign v. FDA*, 511 F.3d 187, 192-93 (D.C. Cir. 2007). Here, the Court granted in full HRDC's motion for summary judgment. See Order [ECF 38] and Opinion [ECF 39] at 1.

Further, after the first round of dispositive briefing, WMATA unilaterally changed their position. Until then, WMATA had refused to provide HRDC with any of the documents it sought. After the hearing, WMATA agreed both to grant HRDC's fee waiver request and produce the requested records on a rolling basis. Joint Status Report of July 10, 2020 [ECF 15].

Thus, the HRDC obtained records both because of a voluntary, unilateral change in position by WMATA after suit was filed and via a judicial order requiring the release all 17 withheld settlements. HRDC has substantially prevailed by either measure.

**B.  HRDC is Entitled to Recover Reasonable Attorneys' Fees and Costs.**

HRDC is also "entitled" to recover its attorneys' fees and costs. The D.C. Circuit considers four non-exclusive factors to determine fee entitlement: "(1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the

requester's interest in the information, and (4) the reasonableness of the agency's conduct." *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013) (per curiam). "Balancing these factors is a matter for the district court." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008). All four factors weigh in HRDC's favor.

### i. The Release of These Records Benefits the Public.

The public will benefit from the HRDC's success in obtaining these records.  A FOIA requester's success meets the public benefit threshold when it "is *likely* to add to the fund of public information that citizens may use in making vital political choices." *Elec. Priv. Info. Ctr. v. NSA*, 87 F. Supp. 3d 223, 234 (D.D.C. 2015) (cleaned up) (emphasis in original). The records WMATA has produced and have been ordered to produce will inform the public understanding of workings and failings of the Metro Transit Police Department, a tri-jurisdictional police force serving 3.2 million people, is in the public interest. Perhaps there is no greater public interest than in exposing when armed police officers violate individuals' rights.

### ii. HRDC's Interest Is Non-Commercial.

The second and third factors, usually considered together, further support the HRDC's entitlement to fees. HRDC is a nonprofit charitable news organization. It sought these records to disseminate and report on them to the public. These two factors favor news media requesters like HRDC, whose interests are public rather than private. *See Tax Analysts v. U.S. Dep't of Just.*, 965 F.2d 1092, 1096 (D.C. Cir. 1992) ("We have said that news interests should not be considered commercial interests, and that a court would generally award fees if the complainant's interest in the information was journalistic.") (cleaned up).

### iii. WMATA Had No Reasonable Basis for its Positions.

The final factor, the agencies' conduct, also counsels in favor of a fee award. This

factor "considers whether the agency's opposition to disclosure 'had a reasonable basis in law,'" *Davy v. CIA*, 550 F.3d 1155, 1162 (D.C. Cir. 2008). None of WMATA's objections to disclosure of the requested records had any basis in law. Moreover, even where the agency's actions had "some degree of reasonableness" – which is not the case here – the fact that the other three factors overwhelmingly support a fee award is decisive. *See EDF*, 2022 U.S. Dist. LEXIS 7327, at *19-20 (2022).

Because all four factors favor HRDC, it is entitled to an award of reasonable attorneys' fees and costs.

## II.      HRDC's Requested Fees and Costs are Reasonable.

HRDC specifically asks this Court to award $66,390.20 in attorneys' fees and $400.00 in litigation costs.

To determine reasonable rates for attorneys' fees, courts in this Circuit have been moving to the Fitzpatrick Matrix available at https://www.justice.gov/usao-dc/civil-division. *See J.T. v. District of Columbia*, Civil Action No. 19-cv-989 (BAH), 2023 U.S. Dist. LEXIS 12271, at *26-59 (D.D.C. Jan. 23, 2023) (discussing the history of various matrices, their legal treatment, and the methodology underlying the Fitzpatrick Matrix). HRDC and rhe Law Office of Deborah M. Golden has used the Fitzpatrick Matrix as their hourly rates.

In this case, HRDC was originally represented solely by its in-house legal department. Shortly after filing, undersigned counsel opened her own practice. HRDC continued this case represented by the Law Office of Deborah M. Golden, with additional representation continued by its in-house department.

As detailed in the declaration of HRDC Executive Director Paul Wright, attached as Exhibit 1, and hourly billing records from HRDC's in-house legal department and the Law Office of Deborah M. Golden, attached as Exhibits 2 and 3, the fees break down as follows:

**Human Rights Defense Center In-House**

| Biller | Year | Hours Billed | Rate | Subtotal |
|---|---|---|---|---|
| Dan Marshall | 2019 | 9.3 | $707 | $6,575.10 |
| | 2020 | 4.4 | $717 | $3,154.80 |
| | 2021 | 2.8 | $726 | $2,032.80 |
| | 2022 | 1.60 | $735 | $1,176.00 |
| Deb Golden | 2019 | 4.1 | $742 | $3,042.20 |
| Jesse Issom | 2020 | 0.1 | $598 | $59.80 |
| | 2021 | 1.80 | $612 | $1,101.60 |
| | 2022 | 1.1 | $625 | $687.50 |
| Kathy Moses | N/A | 8.2 | $220 | $1,804.00 |
| **TOTAL** | | | | **$19,633.80** |

**The Law Office of Deborah M. Golden**

| Biller | Year | Hours Billed | Rate | Subtotal |
|---|---|---|---|---|
| Deb Golden | 2019 | 24.8 | $742 | $18,401.60 |
| | 2020 | 11.3 | $751 | $8,486.30 |
| | 2021 | 2.9 | $758 | $2,1998.20 |
| | 2022 | 16.8 | $765 | $12,852.00 |
| | 2023 | 4.1 | $771 | $6,784.80 |
| **TOTAL** | | | | **$48,722.90** |

Thus, the total amount of attorneys' fees HRDC is requesting is $68,356.70. That represents hours reasonably expended in efficiently litigating this case.

HRDC also seeks to recover its reasonable litigation costs in the amount of $400, the filing fee charged in this action.

Under Local Rule 7(m), undersigned counsel represents that WMATA does not consent to this motion, although the Parties are continuing discussions to

obviate the need for Court involvement.

## Conclusion

For all these reasons, HRDC respectfully requests that this Court grant this Motion and order WMATA to pay $68,356.70 for HRDC's attorneys' fees and costs.

Dated: October 10, 2023    Respectfully submitted,

         */s/ Deborah M. Golden*
         Deborah M. Golden
         The Law Office of Deborah M. Golden
         700 Pennsylvania Ave. SE, 2nd Floor
         Washington, DC 20003
         (202) 630-0332
         dgolden@debgoldenlaw.com

         Counsel for Plaintiff Human Rights Defense Center